IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARCO V. DIMIERI

            Plaintiff,

v.                              Case No.: 2:14-cv-00176-SPC-DNF

MEDICIS PHARMACEUTICAL CORPORATION,
A DIVISION OF VALEANT
PHARMACEUTICALS INTERNATIONAL, INC.,

            Defendant.
_____/

## CASE MANAGEMENT REPORT

The parties have agreed on the following dates and discovery plan pursuant to Fed. R. Civ. P. 26(f) and M.D. Fla. R. 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed. R. Civ. P. 26(a)(1)** <br>[Court recommends 30 days after CMR meeting] | June 4, 2014 |
| **Certificate of Interested Persons and Corporate Disclosure Statement** <br>[each party who has not previously filed must file immediately] | Both parties have filed these documents. |
| **Motions to Add Parties or to Amend Pleadings** <br>[Court recommends 1 - 2 months after CMR meeting] | June 30, 2014 |
| **Disclosure of Expert Reports** <br>Plaintiff: <br>Defendant: <br>True Rebuttal Experts: <br>[Court recommends last exchange 6 months before trial and 1 - 2 months before discovery deadline to allow expert depositions] | February 23, 2015 <br>April 20, 2015 <br>May 18, 2015 |
| **Discovery Deadline** | June 29, 2015 |

208575 v2

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| [Court recommends 5 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | |
| **Dispositive Motions, *Daubert*, and *Markman* Motions** [Court requires 4 months or more before trial term begins] | August 3, 2015 |
| **Meeting *In Person* to Prepare Joint Final Pretrial Statement** [14 days before Joint Final Pretrial Statement] | October 12, 2015 |
| **Joint Final Pretrial Statement (*Including* a Single Set of Jointly-Proposed Jury Instructions and Verdict Form [a Word version must be e-mailed to the Chambers mailbox, unless excused by the Court] Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form)** [Court recommends 3 weeks before Final Pretrial Conference and no later than 7 days before the Final Pretrial Conference] | October 26, 2015 |
| **All Other Motions Including Motions *In Limine*, Trial Briefs** [Court recommends 3 weeks before Final Pretrial Conference] | October 26, 2015 |
| **Final Pretrial Conference** [Court will set a date that is approximately 3 weeks before trial] | November 16, 2015 |
| **Trial Term Begins** [Local Rule 3.05 (c)(2)(E) sets goal of trial within 1 year of filing complaint in most Track Two cases, and within 2 years in all Track Two cases; trial term *must not* be less than 4 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms begin on the first business day of the first full week of each month; trials before magistrate judges will be set on a date certain after consultation with the parties] | December 7, 2015 |
| **Estimated Length of Trial** [trial days] | 5 days |
| **Jury / Non-Jury** | Jury |
| **Mediation** Deadline: Mediator: | July 20, 2015 Gary H. Larson, Esq. |

208575 v2

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| Address:<br><br>Telephone:<br>[Absent arbitration, mediation is *mandatory*; Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline] | Dickinson & Gibbons, P.A.<br>401 N. Cattleman Road,<br>Suite 300<br>Sarasota, FL 34232<br><br>941-366-4680 |
| **All Parties Consent to Proceed Before Magistrate Judge** | Yes____       No__X__<br><br>Likely to Agree in Future _____ |

## I.  Meeting of Parties in Person

Lead counsel must meet *in person* and not by telephone absent an order permitting otherwise. Counsel will meet in the Middle District of Florida, unless counsel agree on a different location. Pursuant to M.D. Fla. Local Rule 3.05(c)(2)(B) or (c)(3)(A)[1] a meeting was held in person on:

May 5, 2014 at 6:30pm at Fort Myers, Florida and was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| Marco DiMieri | |
| David S. Johnson | Medicis Pharmaceutical Corporation |
| | |

## II.  Preliminary Pretrial Conference

Local Rule 3.05(c)(30(B) provides that preliminary pretrial conferences are **mandatory in Track Three cases.**

---

[1] A copy of the Local Rules may be viewed at http://www.flmd.uscourts.gov.

208575 v2

**Track Two cases:** The Court holds a preliminary pretrial conference in most civil cases after the case management report is filed. The purpose of the preliminary pretrial conference is to set dates that will govern the case, for the Court to inform counsel of its practices and procedures, and to discuss any unique issues anticipated by counsel.

Unresolved issues to be addressed at such a conference include:

\_\_\_\_None at this time\_\_\_\_

III. **Pre-Discovery Initial Disclosures of Core Information**

**Fed. R. Civ. P. 26(a)(1)(C) - (D) Disclosures**

Fed. R. Civ. P. 26, as amended, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the court (the amendment(s) to Rule 26 supersede(s) M.D. Fla. Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

The parties \_\_\_\_ have exchanged \_\_X\_\_ agree to exchange (check one) information described in Fed. R. Civ. P. 26(a)(1)(C)-(D)

\_\_\_\_on \_\_X\_\_by (check one) June 4, 2014 _____ (date).

Below is a description of information disclosed or scheduled for disclosure, including electronically stored information as further discussed in Section IV below.

IV. **Electronic Discovery**

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section III above, and agree that (check one):

208575 v2

      _X_ no party anticipates the disclosure or discovery of ESI in this case;

      __ one or more of the parties anticipate the disclosure or discovery of ESI in this case. If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:[2]

    A. The form or forms in which ESI should be produced.

    B. Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought.

    C. Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

    D. The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

    E. The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

    F. Any issues relating to preservation of discoverable ESI.

    G. Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an Order under

---

[2] See generally: *Rules Advisory Committee Notes* to the 2006 Amendments to Rule 26(f) and Rule 16.

208575 v2

Federal Rules of Evidence Rule 502. If the parties agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management Report. The parties should attempt to agree on protocols that minimize the risk of waiver. Any protective order shall comply with Local Rule 1.09 and Section V.F. below on Confidentiality Agreements.

  H. Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.

Please state if there are any areas of disagreement on these issues and, if so, summarize the parties' positions on each:

_____

_____

_____

If there are disputed issues specified above, or elsewhere in this report, then (check one):

  ___ one or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions. Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

  If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed. R. Civ. P.

  _X_ all parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

**V. Agreed Discovery Plan for Plaintiffs and Defendants**

  **A. Certificate of Interested Persons and Corporate Disclosure Statement**

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper (including emergency motion) is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

__X__ Yes
_____ No          Amended Certificate will be filed by _____
                   (party) on or before _____ (date).

**B.     Discovery Not Filed**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests electronically. See M.D. Fla. R. 3.03 (e). The parties further agree as follows:

_____

_____

**C.     Limits on Discovery**

Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed. R. Civ. P. 30(a)(2)(A); Fed. R. Civ. P. 31(a)(2)(A). Absent leave of Court, the

parties may serve no more than twenty-five interrogatories, including sub-parts. Fed. R .Civ. P. 33(a). The parties may agree by stipulation on other limits on discovery. The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order. Fed. R. Civ .P. 29. In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

1. Depositions

2. Interrogatories

3. Document Requests

4. Requests to Admit

5. Supplementation of Discovery

**D.     Discovery Deadline**

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows:

_____

_____

_____

**E.     Disclosure of Expert Testimony**

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed. R. Civ. P. 26(a)(2) and 26(e). Expert testimony on direct

examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

_____

_____

_____

### F. Confidentiality Agreements

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. See Brown v. Advantage Engineering, Inc., 960 F.2d 1013 (11th Cir. 1992); Wilson v. American Motors Corp., 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support. (See M.D. Fla. R. 1.09). The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as confidential. There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. See M.D. Fla. R. 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that no party shall file a document under seal without first having obtained an order granting leave to file under seal

208575 v2

on a showing of particularized need. With respect to confidentiality agreements, the parties agree as follows:

The parties have attached an agreed confidentiality order to this case management report as Exhibit A.

### G. Electronically Stored Information and Claims of Privilege

Pursuant to Fed. R. Civ. P. 16, the parties have made the following agreements regarding the disclosure and discovery of electronically stored information as well as the assertion of claims of privilege or protection of trial preparation materials after production:

_____

_____

### H. Other Matters Regarding Discovery

_____

_____

_____

## VI. Settlement and Alternative Dispute Resolution

### A. Settlement

The parties agree that settlement is _____ likely _____ unlikely (check one)

Plaintiff states that settlement is likely. Defendant, based on the information currently available, states that settlement is unlikely.

The parties request a settlement conference before a United States Magistrate Judge.

_____ yes __X__ no _____ likely to request in future

### B. Arbitration

208575 v2

on a showing of particularized need. With respect to confidentiality agreements, the parties agree as follows:

The parties have attached an agreed confidentiality order to this case management report as Exhibit A.

### G. Electronically Stored Information and Claims of Privilege

Pursuant to Fed. R. Civ. P. 16, the parties have made the following agreements regarding the disclosure and discovery of electronically stored information as well as the assertion of claims of privilege or protection of trial preparation materials after production:

_____

_____

### H. Other Matters Regarding Discovery

_____

_____

_____

## VI. Settlement and Alternative Dispute Resolution

### A. Settlement

The parties agree that settlement is _____ likely _____ unlikely (check one)

Plaintiff states that settlement is likely. Defendant, based on the information currently available, states that settlement is unlikely.

The parties request a settlement conference before a United States Magistrate Judge.

_____ yes __X__ no _____ likely to request in future

### B. Arbitration

Local Rule 8.02(a) defines those civil cases that will be referred to arbitration automatically. Does this case fall within the scope of Local Rule 8.02(a)?

\_\_\_\_\_ yes   \_\_X\_\_ no

For cases **not** falling within the scope of Local Rule 8.02(a), the parties consent to arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b):

\_\_\_\_\_ yes   \_\_X\_\_ no   \_\_\_\_\_ likely to agree in future

_____ Binding  _____ Non-Binding

In any civil case subject to arbitration, the Court may substitute mediation for arbitration upon a determination that the case is susceptible to resolution through mediation. Local Rule 8.02(b). The parties agree that this case is susceptible to resolution through mediation, and therefore jointly request mediation in place of arbitration:

\_\_X\_\_ yes   \_\_\_\_\_ no   \_\_\_\_\_ likely to agree in future

**C.     Mediation**

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation. The list of mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov.

208575 v2

**D.     Other Alternative Dispute Resolution**

The parties intend to pursue the following other methods of alternative dispute resolution:

_____

_____

_____

Date: 05-16-2014

Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties.

Marco V. DiMieri
9835 Whitehall Street
Naples, FL 34109

*Plaintiff*

Brian Mithul FBN 84232 for
David S. Johnson, Esq. (FBN 096423)
Shook, Hardy, & Bacon L.L.P.
100 N Tampa St., Suite 2900
Tampa, FL 33602
T: 813-202-7100
F: 813-221-8837
ddjohnson@shb.com

*Attorney for Defendant Medicis Pharmaceutical Corporation*

208575 v2