UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARCO V. DIMIERI,

       Plaintiff,

     v.                       Case No:  2:14-cv-176-FtM-38DNF

MEDICIS     PHARMACEUTICALS
CORPORATION,

       Defendant.

_____/

## ORDER[1]

    This  matter  comes  before  the  Court  on  Defendant  Medicis  Pharmaceutical Corporation's Motion to Dismiss and Incorporated Memorandum of Law (Doc. #4) filed on April 3, 2014.  Plaintiff filed a response on April 24, 2014.  (Doc. #9).  Thus, this Motion is ripe for review.

## PROCEDURAL BACKGROUND

    This Diversity case was removed from the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida to the United States District Court for the Middle District of Florida (Ft. Myers) (Doc. #1) on March 27, 2014.  Plaintiff filed his Complaint with the Court on March 27, 2014.  (Doc. #2).

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience.   Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

## **FACTUAL BACKGROUND**

Plaintiff is an adult male who ingested the prescription drug Solodyn for the treatment of acne from 2009-2010. (Doc. #2, ¶¶ 12, 15). Defendant is the manufacturer of Solodyn. (Doc. #2, ¶ 3). Plaintiff's dermatologist ("physician") prescribed Solodyn in January 2009 and Plaintiff purchased Solodyn from a pharmacy. (Doc. #2, ¶¶ 8, 12). Plaintiff discontinued use of Solodyn on February 1, 2010, after purportedly experiencing "numbing pain in the crown of his head" and noticing alleged hair loss around the last week of January 2010. (Doc. #2, ¶¶ 13, 14, 15). Plaintiff alleges he first discovered that Solodyn causes hair loss after experiencing it firsthand. (Doc. #2, ¶ 19). While researching his alleged hair loss online, Plaintiff read reviews from others who purportedly experienced hair loss after ingesting Solodyn for the treatment of acne. (Doc. #2, ¶ 16). Plaintiff believes his hair loss is due solely to his ingestion of Solodyn; he allegedly had healthy hair before use and had no signs of early male hair loss. (Doc. #2, ¶¶ 17, 30). Plaintiff states Defendant misrepresented Solodyn as safe, although Defendant was fully aware that Solodyn was not reasonably suitable or fit for its proper use. (Doc. #2, ¶¶ 41, 54). Plaintiff allegedly continues to suffer from hair loss today. (Doc. #2, ¶ 15).

## **STANDARD**

In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiffs. Christopher v Harbury, 536 U.S. 403, 406, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002). However, dismissal for failure to state a claim upon which relief may be granted does not require

appearance, beyond a doubt.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561- 563, S. Ct. 127 S. Ct. 1955, 167 L. Ed 2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement" to relief requires more than labels, conclusions, and a formulaic recitation of the cause of actions elements.  Bell Atlantic, 550 U.S. 544, 561- 563.

To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests.  Id. at 555; Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002).  Although the pleading standard announced in Fed R. Civ. P. 8 does not require "detailed factual allegations," it does demand more than an unadorned, "the-defendant-unlawfully-harmed-me accusation."  Sinaltrainal v. Coca-Cola Co., 578 F. 3d 1252, 1268 (11th Cir. 2009) (citing Ascroft v. Iqbal, ----- U.S.----, 129 S. Ct. 1937, 1949, 173 L. Ed 2d 868  (2009).  Furthermore, unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of the allegations. Sinaltrainal, 578 F. 3d at 1268 (citing Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005)).  The facts as pled must state a claim for relief that is plausible on its face.  Sinaltrainal, 578 F. 3d at 1268 (citing Iqbal, 129 S. Ct. at 1950).  Dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief.  Simplexgrinnell, L.P. v. Ghiran, 2007 WL 2480352 (M.D. Fla. August 29, 2007) (citing Neitzke v. Williams, 490 U.S. 319, 326, 109 S. Ct.

1827, 104 L. Ed. 2d 338 (1989); Brown v. Crawford County, Georgia, 960 F.2d 1002, 1009-1010 (11th Cir. 1992)).

## DISCUSSION

As a result of his alleged hair loss, Plaintiff brought the instant suit alleging seven counts against Defendant: Failure to Warn (Count I), Strict Liability (Count II), Breach of Warranty (Count III), Breach of the Warranty of Fitness (Count IV), Misrepresentation (Count V), Negligence (Count VI), and Fraud (Count VII).  (Doc. #2).  Defendant states Plaintiff's Complaint must be dismissed because Plaintiff does not plead his claims with any specificity.  (Doc. #4 at 2).  The Court will address each in order.

### Count I: Failure to Warn

Plaintiff argues Defendant failed to properly warn Plaintiff regarding the dangers of hair loss associated with Solodyn, as it was defective and unreasonably dangerous. (Doc. #2, ¶¶ 24, 34).  Defendants argue Plaintiff's Count I should be dismissed pursuant to the learned intermediary doctrine.  (Doc. #4 at 4).  Defendants also allege Plaintiff has failed to plead such a claim properly under the Twombly and Iqbal standard.  (Doc. #4 at 4).  See Twombly, 550 U.S. 544 and Iqbal, 556 U.S. 662

In Florida, manufacturers of prescription drugs have a duty to warn consumers of known risks or be subject to strict liability for any resulting harm.  See Horrillo v. Cook Inc., 10-15327, 2012 WL 6553611, at *2 (11th Cir. Nov. 7, 2012).  However, when a physician is involved, the physician serves as a learned intermediary between the patient and the manufacturer and the learned intermediary doctrine might apply.  See Christopher v. Cutter Labs., 53 F.3d 1184, 1192 (11th Cir.1995).  If the manufacturer properly warns the physician regarding the known risks, the learned intermediary

doctrine applies and the manufacturer's duty to warn the consumer is discharged.  See Christopher, 53 F.3d at 1192.  Furthermore, in a case where the manufacturer fails to properly warn the physician, the learned intermediary doctrine will still discharge the manufacturer's duty to warn the patient if the physician had independent knowledge of the risks associated with using the drug.   See MacMorris v. Wyeth, Inc., 2:04CV596FTM-29DNF, 2005 WL 1528626, at *2 (M.D. Fla. June 27, 2005) ("In other words, the causal link between a patient's injury and the alleged failure to warn is broken when the prescribing physician had 'substantially the same' knowledge as an adequate warning from the manufacturer should have communicated to him.").

Nevertheless, a plaintiff can succeed on a failure to warn claim against a manufacturer in spite of Florida's learned intermediary doctrine.  "*The Plaintiff must show that 'more likely than not' the warning to the physician was inadequate and the warning did not sufficiently inform the prescribing physician about the risks involved in prescribing the drug.*"  Chase v. Novartis Pharm. Corp., 740 F. Supp. 2d 1295, 1296-97 (M.D. Fla. 2006) (citations omitted) (emphasis added).  Therefore, a plaintiff must allege the physician did not have substantially the same information as the manufacturer due to inadequate warnings and/or a lack of independent knowledge.  See Chase, 740 F. Supp. 2d at 1297.  If the physician had substantially the same knowledge as the manufacturer when he prescribed the drug, the learned intermediary doctrine prevents the plaintiff from suing the manufacturer for a deficient warning; the physician would have prescribed the drug even with an appropriate warning label.  See Chase, 740 F. Supp. 2d at 1297.

In this case, Plaintiff did not receive Solodyn over the counter, but under a physician's prescription. (Doc. #2, ¶ 12). Therefore, the learned intermediary doctrine will apply to prevent this lawsuit against the manufacturer, unless Plaintiff can successfully plead his physician was not adequately warned by the manufacturer and lacked independent knowledge of the risks associated with ingestion of Solodyn. See Chase, 740 F. Supp. 2d at 1297. However, in his Complaint (Doc. #2), Plaintiff fails to allege the extent of his physician's knowledge regarding the risks of consuming Solodyn. Plaintiff states "Defendant's product was unsafe for its intended use as Defendant failed to give Plaintiff and other users adequate warning of the nature and extent of the danger result from use of that product." (Doc. #2, ¶ 24). Hence, Plaintiff only argues he had inadequate personal knowledge regarding Solodyn's risks, but does not assert whether his physician's knowledge of Solodyn was inadequate, which is the relevant question. (Doc. #2, ¶ 28). While it is true Plaintiff alleged Defendant failed to warn "Plaintiff and other people" (Doc. #2, ¶ 28), this statement is simply too vague to imply Plaintiff's physician had inadequate knowledge of the risks of Solodyn, even when favorably construed on behalf of Plaintiff. See Twombly, 550 U.S. 544 and Iqbal, 556 U.S. 662. Therefore, Defendant's Motion to Dismiss as to Count I is granted because Plaintiff did not plead failure to warn sufficiently under Florida law.

**Count II: Strict Liability**

Plaintiff argues Defendant is strictly liable because Defendant knew or should've known Solodyn had dangerous side effects and failed to provide a proper warning on the Solodyn bottle. (Doc. #2, ¶ 34). Defendant responds Plaintiff fails to provide any factual basis to support his bare recitation of the elements of strict liability. (Doc. #2 at

5).  Defendant argues Plaintiff does not even assert whether the alleged defect related to manufacture, design, or warning.  (Doc. #4 at 6).

While it is proper to allege which specific strict liability theory is at issue in a plaintiff's pleading, the Eleventh Circuit interpreting Florida law has advocated leniency in this regard.  See Bailey v. Janssen Pharmaceutica, Inc., 288 F. App'x 597, 607 (11th Cir. 2008).   The Eleventh Circuit has determined when a plaintiff's "complaint weaves multiple defect theories under the rubric of strict liability," the complaint should not be dismissed on that basis alone.  Bailey, 288 F. App'x at 607.  Instead, the Court can find a plaintiff "established minimally sufficient factual allegations to support her claim for strict products liability under either a manufacturing or design defect avenue to liability." Bailey, 288 F. App'x at 607.   When the Court construes Plaintiff's Complaint in the light most favorable to Plaintiff, it seems Plaintiff alleges strict liability based on failure to warn and defective design or manufacture theories.  (Doc. #2, ¶¶ 33, 34).

### a.  Failure to Warn

Under Florida law, when strict liability is "based on a drug's insufficient warnings…plaintiff must allege all of the following: '(1) that the warnings accompanying the item were inadequate; (2) that the inadequacy of the warnings proximately caused Plaintiff's injury; and (3) that Plaintiff in fact suffered an injury by using the product.'" Hosler v. Alcon Labs., Inc., 12-60025-CIV, 2012 WL 4792983, at *9 (S.D. Fla. Oct. 9, 2012).

Since the learned intermediary doctrine applies, Plaintiff has to allege these factors with his physician in mind.  Thus, for the first factor, Plaintiff has to assert Defendant's warnings given to his physician were inadequate in his complaint.  Plaintiff

merely states as his basis for strict liability that "Defendant is liable under strict liability in tort as Defendant knew or should've known that "SOLODYN" was defective and unsafe for treating acne and a proper warning on the bottle was absent."   (Doc. #2, ¶ 34). Since Plaintiff does not allege the warnings to his physician were inadequate or that any were given, the Court cannot determine whether the inadequacy of Defendant's warnings to Plaintiff's physician proximately caused Plaintiff's injury.   While Plaintiff does state he suffered an injury (Doc. #2, ¶ 36), he does not allege sufficient facts to satisfy the standard for pleading strict liability.   Plaintiff's claim for strict liability based on failure to warn must be dismissed because the first two elements of strict liability on a failure to warn theory were not pled sufficiently.

   **b. Design or manufacturing defect**

To state a claim in Florida for strict products liability based on a design or manufacturing defect, a plaintiff must plead three elements: "(1) a relationship between the defendant and the product; (2) a defect which caused the product to be unreasonably dangerous; (3) causation between the defect and the harm suffered by the user."  Bailey, 288 F. App'x at 607.

As to the first prong, Plaintiff nominally alleges a relationship between the Defendant and the product by stating "Defendant is engaged in the business of preparing, manufacturing…the medicinal product known as 'SOLODYN' within Florida." (Doc. #2, ¶ 3).   Then, Plaintiff asserts Solodyn contains a design or manufacturing defect which resulted in hair loss by claiming Solodyn "was unreasonably dangerous as a medicine for acne; the defective condition was not known to Plaintiff" (Doc. #2, ¶ 33) and "Defendant knew or should have known that 'SOLODYN' was *defective* and unsafe

for treating acne." (Doc. #2, ¶ 34) (emphasis added).  However, these are mere legal conclusions.  See Bailey, 288 F. App'x at 607.  Plaintiff fails to identify the source of an alleged defect in Solodyn or disclose any possible defects which could exist in Solodyn. (Doc. #2).  These allegations are insufficient to "allow defendants to frame a responsive pleading directed at a defect in either the design or manufacturing" of Solodyn which resulted in Plaintiff's hair loss.  See Bailey, 288 F. App'x at 608.  As to causation, Plaintiff asserts he received the product "in the same condition that it was when it was manufactured by the Defendant" (Doc. #2, ¶¶ 7, 30) and prior to his Solodyn use, Plaintiff had "no signs of early male pattern hair loss."  Plaintiff's Complaint fails to make a sufficient causal connection; Plaintiff does not state what possible defect in Solodyn might have caused the hair loss or deny the existence of other factors which might have caused his hair loss.  Since all the elements of strict liability for a manufacturing or design defect are not met, Defendant's Motion to Dismiss as to the second part of Count II must be granted.

Therefore, Defendant's Motion to Dismiss as to Count II is granted because Plaintiff failed to sufficiently plead all elements pertaining to strict liability under the failure to warn and design or manufacturing defect theories.

**Count III: Breach of Warranty**

Plaintiff argues by distributing Solodyn to pharmacies and physicians in Florida, Defendant gave consumers an express warranty that Solodyn was a safe product with no dangerous side effects.  (Doc. #2, ¶ 41).  Defendant responds Plaintiff's breach of warranty claim must fail due to the lack of privity between Plaintiff and Defendant which is required under Florida law.  (Doc. #4 at 7).  Defendant argues because Plaintiff did

not purchase Solodyn directly from Defendant there is no privity between them.  (Doc. #4 at 7).

According to Florida law, for a plaintiff "to recover in an action for breach of an express warranty, the parties must be in privity."   Cruz v. Mylan, Inc., 8:09CV1106T17EAJ, 2010 WL 598688, at *2 (M.D. Fla. Feb. 17, 2010).   In order to prove privity, a plaintiff must allege there was a "sale from manufacturer to [plaintiff]," or a contract between them, or a warrant communicated from the manufacturer to plaintiff. MacMorris, 2005 WL 1528626, at *3.  "A plaintiff who purchases a product, but does not buy it directly from the defendant, is not in privity with that defendant."   Cruz, 2010 WL 598688, at *2 (citing T.W.M. v. American Medical Systems, Inc., 886 F.Supp. 842, 844 (N.D.Fla.1995)).   On the other hand, "some factual circumstances satisfy the privity requirement even in the absence of a purchase directly from the manufacturer." MacMorris, 2005 WL 1528626, at *3.  In cases where courts held privity was met by factual circumstances either the manufacturer's representative was heavily involved in the transaction, the manufacturer told the third party to tell the plaintiff the specific warranty, or there were direct contacts between the manufacturer and the plaintiff. MacMorris, 2005 WL 1528626, at *3.

Here, Plaintiff fails to allege the existence of privity between himself and Defendant. (Doc. #2, ¶ 41).  Most often, privity does not exist between manufacturers and patients when the medication is only available by prescription. See Cruz, 2010 WL 598688 at *2 ("As the [product] is an FDA-approved pharmaceutical, it is only available by prescription.  [Plaintiff] could only have obtained the [product] from the pharmacy and not from [Defendant] directly. Therefore, Plaintiff's implied warranty claims must be

dismissed for want of privity between the parties."). Plaintiff does not assert the existence of any direct contact between Defendant and Plaintiff when the physician prescribed Solodyn. Plaintiff states "through the distribution to pharmacies and physicians in the state of Florida, the Defendant expressly warranted 'SOLODYN' as being a medicine for acne, with no warning for the side effect of hair loss." (Doc. #2, ¶ 42).

Plaintiff indicates he purchased Solodyn through his physician's prescription at a pharmacy, which on its face indicates there was an absence of privity between Plaintiff and Defendant. See Cruz, 2010 WL 598688, at *2. (Doc. #2, ¶ 6). Also, Plaintiff does not allege any of the factual situations which warranted the existence of privity in other cases: no allegations of substantial contact with Defendant's representative, no allegations Defendant told physician to communicate certain warnings, nor any direct contacts between Defendant and Plaintiff. See MacMorris, 2005 WL 1528626, at *3. (Doc. #2). Hence, Plaintiff bases his argument for the existence of an express warranty solely on Defendant's "distribution [of Solodyn] to pharmacies and physicians in the state of Florida" (Doc. #2, ¶ 41) which is insufficient to plead a valid breach of warranty claim. See MacMorris, 2005 WL 1528626, at *3. Therefore, Defendant's Motion to Dismiss as to Count III is granted because Plaintiff does not allege privity between Plaintiff and Defendant.

### Count IV: Breach of Warranty of Fitness

Plaintiff argues Defendant breached the implied warranty of fitness when Plaintiff suffered hair loss as a result of ingesting Solodyn for the treatment of his acne. (Doc. #2, ¶ 54). Defendant responds Plaintiff fails to allege any facts demonstrating privity

11

between Defendant and Plaintiff.   (Doc. #4 at 7).   Under Florida law, there can be no breach of implied warranty of fitness without privity between the parties.   (Doc. #4 at 7).

In the state of Florida, "the plaintiff must be in privity of contract to recover for a breach of implied warranty."   Kirchman v. Novartis Pharm. Corp., 8:06-CV-1787-T-24, 2014 WL 2158519, at *6 (M.D. Fla. May 23, 2014).   Florida "abolished the no-privity, breach of implied warranty cause of action for personal injury."   Wilson v. Danek Med., Inc., 96-2460-CIV-T-17B, 1999 WL 1062129, at *7 (M.D. Fla. Mar. 29, 1999) (quoting Kramer v. Piper Aircraft Corp., 520 So.2d 37, 39 (Fla.1988).   Florida case law dictates that "[a] plaintiff who purchases a product but does not buy it directly from the defendant, is not in privity with that defendant."   Kirchman, 2014 WL 2158519, at *6.

In his Complaint, Plaintiff offers statements such as "Defendant impliedly warranted that 'SOLODYN' was a safe and suitable medication to be used to help acne."   (Doc. #2, ¶ 50).   However, statements such as these fail to show the existence of an implied warranty or allege the presence of privity.   The Court does not regard mere legal conclusions as true at this stage in the litigation.   Christopher, 536 U.S. at 406.   Therefore, the Motion to Dismiss as to Count IV must also be granted since there is no assertion of privity between Plaintiff and Defendant.

### Counts V and VII: Fraud and Misrepresentation

Plaintiff argues Defendant engaged in fraud and misrepresentation when marketing Solodyn to the public.   (Doc. #2, ¶¶ 56, 57, 58, 59).   Plaintiff claims the public detrimentally relied on Defendant's misrepresentations concerning Solodyn as a safe and effective drug for acne, trusting in Defendant's superior knowledge as the manufacturer.   (Doc. #2, ¶¶ 56, 63, 72).   Defendant replies Plaintiff's allegations do not

meet the heightened pleading standard under Fed. R. Civ. P. 9(b) for fraud-based claims. (Doc. #4 at 7).  Defendant states Plaintiff's factual pleading lacks particularity. (Doc. #4 at 8).

Fed.R.Civ.P. 9(b) "requires a party alleging fraud to 'state with particularity the circumstances constituting fraud.'"  Linville v. Ginn Real Estate Co., 697 F.Supp.2d 1302, 1306 (M.D.Fla.2010).  To satisfy Rule 9(b) at a minimum, the complaint must identify: "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants 'obtained as a consequence of the fraud.'"  Brooks v. Blue Cross & Blue Shield of Florida, Inc., 116 F.3d 1364, 1371 (11th Cir. 1997).  When the learned intermediary doctrine applies, it acts as a barrier against patients' lawsuits if the medicinal manufacturer communicates warnings to the physician.  Cruz, 2010 WL 598688, at *3.  However, the learned intermediary rule does not protect manufacturers who communicate directly to patients.  See Cruz, 2010 WL 598688, at *3 ("Effectively, the pharmaceutical company's duty to warn stops at the physician or prescriber and does not directly make statements to the ultimate purchaser.").

In one case, "the Florida Second District Court of Appeals held that where plaintiffs' complaint alleged the defendant had misrepresented and omitted material facts about the product in question *to the physician and patient*, which induced them to rely on such misrepresentations and omissions to their detriment, the complaint stated a

cause of action for fraud." Cruz, 2010 WL 598688, at *3 (citing Adams v. G.D. Searle & CO., Inc., 576 So.2d 728, 730 (Fla.App. 2 Dist.1991)) (emphasis added).  Alternatively, when a plaintiff does "not allege knowledge of the representations made to the physician and fail[s] to allege evidence of any direct advertising from Defendant to the ultimate consumer, the learned intermediary doctrine bars th[e] claim." Cruz, 2010 WL 598688, at *3.

Plaintiff's Complaint does not allege any misrepresentations given to Plaintiff's physician regarding Solodyn or state with particularity any personal contact Plaintiff may have had with Defendant's alleged fraudulent advertising.  (Doc. #2).  Therefore, the learned intermediary doctrine bars this fraud-based claim.  Cruz, 2010 WL 598688, at *3.

Notwithstanding the learned intermediary doctrine, Plaintiff's pleadings do not meet the specificity requirement for pleading fraud and misrepresentation under Fed.R.Civ.P. 9(b).  In fact, Plaintiff's Complaint is nothing more than a recitation of information he pulled from American Jurisprudence forms without facts that would support his claims.  (Doc. #9).  First, Plaintiff does not allege how the warning regarding the risk of hair loss was omitted because he does not state precisely what warnings were given.  (Doc. #2).  In his Complaint, Plaintiff alleges the bottle of Solodyn lacked a proper label and states "improper information" was provided to him, but gives no specificity as to the content of this information.  (Doc. #2, ¶¶ 34, 63).  Also, Plaintiff does not state whether he read the "improper information" on his own or heard this "improper information" from the physician.  (Doc. #2).  Furthermore, Plaintiff fails to allege what Defendant received as a consequence of the alleged fraudulent misrepresentation.

(Doc. #2).   Thus, Defendant's Motion to Dismiss is granted as to Counts V and VII because the learned intermediary doctrine applies and Plaintiff fails to satisfy the pleading standard under Fed.R.Civ.P. 9(b) for fraud and misrepresentation.

### Count VI: Negligence

Plaintiff argues Defendant was negligent and Plaintiff suffered as a result of Defendant's negligence.   (Doc. #2, ¶¶ 63, 64).   Defendant responds Plaintiff fails to assert adequate facts in support of a negligence claim.   (Doc. #4 at 8).

Under Florida law, in order to state a proper negligence claim, a "plaintiff must allege (1) a duty or obligation recognized by the law requiring the defendant to protect others from unreasonable risks; (2) a breach of that duty; (3) a reasonably close causal connection between the conduct and the resulting injury; and (4) actual loss or damages."   Small v. Amgen, Inc., 2:12-CV-476-FTM-29, 2014 WL 897033 at *5 (M.D. Fla. Mar. 6, 2014) (citing Williams v. Davis, 974 So.2d 1052, 1056 (Fla.2007)).

Plaintiff bases his claim for negligence in these two sentences: "Plaintiff relied on the superior knowledge of the Defendants and their instructions for 'SOLODYN' and thus sustained damages as a result from the improper instructions furnished by Defendant," and "[a]s a direct and proximate result of the negligent acts of the Defendant, Plaintiff has been damages in the amount in excess of $20,000.00."   (Doc. #2, ¶¶ 63, 64).   These statements are clearly insufficient to successfully plead a negligence claim.

First, Plaintiff fails to claim there was a duty between Defendant and Plaintiff. (Doc. #2, ¶¶ 63, 64).   Even if Plaintiff had properly claimed there was a duty, it would not be recognized at law because of the learned intermediary doctrine.   Christopher, 53

F.3d at 1192.  Furthermore, Plaintiff does not allege any facts to suggest the breach of such a duty.  (Doc. #2, ¶¶ 63, 64).  Then, when Plaintiff states his injury and damages occurred "as a direct and proximate result of the negligent acts of the Defendant...," he is simply stating a legal conclusion.  (Doc. #2, ¶ 64).   Plaintiff does not present any supporting facts to show the Court causation is plausible in this case.   See Twombly, 550 U.S. at 545 ("The need at the pleading stage for allegations plausibly suggesting (not merely consistent with) agreement reflects Rule 8(a)(2)'s threshold requirement that the "plain statement" possess enough heft to "sho[w] that the pleader is entitled to relief.").  Thus, Defendant's Motion to Dismiss must be granted as to Count VI for failure to plead negligence sufficiently.

## CONCLUSION

Plaintiff fails to plead any facts or law to support his claims.  The Plaintiff's Complaint is a series of general statements lifted from forms that do not adhere to the pleading standard set forth in the Federal Rules of Civil Procedure.  Therefore, the Court grants Defendant's Motion to Dismiss and gives Plaintiff leave to amend.

Accordingly, it is now

**ORDERED:**

(1) Defendant Medicis Pharmaceutical Corporation's Motion to Dismiss and Incorporated Memorandum of Law (Doc. #4) is **GRANTED.**

(2) Plaintiff, Marco V. DiMieri, is given leave to file an Amended Complaint.

(3)  The Second Amended Complaint must be filed on or before **August 1, 2014.**

**DONE** and **ORDERED** in Fort Myers, Florida this 14th day of July, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record