UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARCO V. DIMIERI,

    Plaintiff,

v.                                            Case No: 2:14-cv-176-FtM-38DNF

MEDICIS PHARMACEUTICALS CORPORATION,

    Defendant.
_____/

## ORDER[1]

This matter comes before the Court on the Defendant, Medicis Pharmaceutical Corporation's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. #26) filed on August 14, 2014. The Plaintiff, Marco V. Dimieri filed his Response in Opposition (Doc. #27) on September 9, 2014. The Motion is fully briefed and ripe for the Court's review.

## FACTS

Plaintiff is an adult male who ingested the prescription drug Solodyn for the treatment of acne from 2009-2010. (Doc. #25, ¶ 6). Prior to 2011, the Defendant was the manufacturer of the drug Solodyn. (Doc. #25, ¶ 5). Plaintiff first purchased Solodyn from

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

a CVS pharmacy in January 2009 after it was prescribed by his physician. (Doc. #25, ¶ 9-12). Plaintiff discontinued use of Solodyn on February 1, 2010, after purportedly experiencing "numbing pain in the crown of his head" and noticing alleged hair loss around the last week of January 2010. (Doc. #25 ¶¶ 12-13). Plaintiff alleges he first discovered that Solodyn causes hair loss after experiencing it firsthand. (Doc. #25, ¶ 14). While researching his alleged hair loss online, Plaintiff read reviews from others who purportedly experienced hair loss after ingesting Solodyn for the treatment of acne. (Doc. #25, ¶ 11-12). Plaintiff believes his hair loss is due solely to his ingestion of Solodyn; he allegedly had healthy hair before use and had no signs of early male hair loss. (Doc. #25 ¶ 17). Plaintiff states Defendant misrepresented Solodyn as safe, although Defendant was fully aware that Solodyn was not reasonably suitable or fit for its proper use. Plaintiff allegedly continues to suffer from hair loss today. (Doc. #25 ¶ 15). As a result, Plaintiff brought the instant action in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County Florida.

## STANDARD OF REVIEW

In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiffs. Christopher v Harbury, 536 U.S. 403, 406, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002). However, dismissal for failure to state a claim upon which relief may be granted does not require appearance, beyond a doubt. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561- 563, S. Ct. 127 S. Ct. 1955, 167 L. Ed 2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to

provide the "grounds" of his "entitlement" to relief requires more than labels, conclusions, and a formulaic recitation of the cause of actions elements. Twombly, 550 U.S. 544, 561-563. To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. Id. at 555; Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002). Although the pleading standard announced in Fed R. Civ. P. 8 does not require "detailed factual allegations," it does demand more than an unadorned, "the-defendant-unlawfully-harmed-me accusation." Sinaltrainal v. Coca-Cola Co., 578 F. 3d 1252, 1268 (11th Cir. 2009) (citing Ascroft v. Iqbal, ----- U.S.----, 129 S. Ct. 1937, 1949, 173 L. Ed 2d 868 (2009). Furthermore, unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of the allegations. Sinaltrainal, 578 F. 3d at 1268 (citing Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005)). The facts as pled must state a claim for relief that is plausible on its face. Sinaltrainal, 578 F. 3d at 1268 (citing Iqbal, 129 S. Ct. at 1950). Dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Simplexgrinnell, L.P. v. Ghiran, 2007 WL 2480352 (M.D. Fla. August 29, 2007) (citing Neitzke v. Williams, 490 U.S. 319, 326, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); Brown v. Crowford County, Georgia, 960 F. 2d 1002, 1009-10 (11th Cir. 1992).

## **DISCUSSION**

The Defendant argues that the Amended Complaint should be dismissed because it is a shotgun pleading that is devoid of factual support and not pled with sufficient

particularity as required by Bell Atlantic v. Twombly. The Plaintiff states his pleadings are factually sufficient and that his Amended Complaint is not a shotgun pleading.

Shotgun pleadings are those that incorporate every antecedent allegation by reference into each subsequent claim for relief or affirmative defense." Kirby v. Highland Banc, Inc., 2012 WL 5417131, *1 (M.D. Fla. October 1, 2012) (citing Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1279 (11th Cir.2006) (citing Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir.2001) (per curiam)). "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." Kirby, 2012 WL 5417131, at *1 (citing Strategic Income Fund. L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1297 (11th Cir.2002)). Unless corrected, "a shotgun complaint leads to a shotgun answer." Byrne v. Nezhat, 261 F.3d 1075, 1129 (11th Cir.2001). Additionally, "[s]uch pleadings divert already stretched judicial resources into disputes that are not structurally prepared to use those resources efficiently." Wagner, 464 F.3d at 1279; *see also* Ebrahimi v. City of Huntsville Bd. of Educ., 114 F.3d 162, 165 (11th Cir.1997) (shotgun pleadings "impede the orderly, efficient, and economic disposition of disputes."). The United States Court of Appeals for the Eleventh Circuit has repeatedly condemned shotgun pleadings because a complaint in "shotgun" form does not provide a "short and plain statement of the claim" as is required under Rule 8 of the Federal Rules of Civil Procedure. Magluta, 256 F.3d at 1284.

After a review of the Plaintiff's Amended Complaint, the Court finds it to be a quintessential shotgun pleading. The Plaintiff's Amended Complaint is a twenty-five (25)

page single spaced document that incorporates each factual paragraph and allegation into each count, including each allegation and fact for every count into the subsequent counts. Furthermore, the Plaintiff fails to allege any facts or law that would support his claim. Instead, the Plaintiff's Amended Complaint—like his initial Complaint—is nothing more than a series of general statements lifted from documents off various internet sites that do not adhere to the pleading standards set forth in the Federal Rules of Civil Procedure.

Therefore, the Defendant's Motion to Dismiss is due to be granted. Because Plaintiff is proceeding *pro se*, the Court will allow Plaintiff one last opportunity to amend his complaint. However, the Plaintiff is cautioned that failure to comply with the Federal and Local Rules will result in his Amended Complaint being dismissed with prejudice.

Accordingly, it is now

**ORDERED:**

The Defendant, Medicis Pharmaceutical Corporation's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. #26) is **GRANTED**.

- The Plaintiff, Marco V. Dimieri's Amended Complaint is hereby **DISMISSED without prejudice**.
- The Plaintiff has leave up to and including **December 12, 2014**, to file a Second Amended Complaint.

**DONE** and **ORDERED** in Fort Myers, Florida this 24th day of November, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record