UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARCO V. DIMIERI,

        Plaintiff,

v.                                            Case No: 2:14-cv-176-FtM-38DNF

MEDICIS PHARMACEUTICALS
CORPORATION,

        Defendant.
_____/

**ORDER[1]**

This matter comes before the Court on the Defendant Medicis Pharmaceutical Corporation's Unopposed Motion to Stay Expert Report Deadline (Doc. #38) filed on March 9, 2015. Pursuant to Local Rule 3.01(g), the Defendant conferred with the Plaintiff who does not oppose the stay.

The Defendant moves the Court to stay the expert disclosure deadline until the Court rules on its outstanding dispositive motions. When ruling on motions to stay discovery, Courts in this District have held that "[m]otions to [s]tay discovery may be granted pursuant to Rule 26(c), Fed. R. Civ. P., however, the moving party bears the burden of showing good cause and reasonableness." Schumann v. Collier Anesthesia, P.A., 2013 WL 149638, *1 (M.D. Fla. January 14, 2013) (citing Feldman v. Flood, 176

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

F.R.D. 651, 652 (M.D.Fla.1997)). Moreover, "such motions are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." Schumann, 2013 WL 149638, at *1 (citing Kron Medical Corp. v. Groth, 119 F.R.D. 636 (M.D.N.C.1988)). "Finally, the Court ordinarily should not stay discovery which is necessary to gather facts in order to defend against the motion." Schumann, 2013 WL 149638, at *1. (citing Wilderness Soc. v. Griles, 824 F.2d 4 (D.C.Cir.1987); Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550 (11th Cir.1985)). In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. ." Schumann, 2013 WL 149638, at *1.

The Defendant argues the Plaintiff's Complaint is insufficient and the Court would eliminate unnecessary litigation costs by staying expert disclosure until the Court rules on the Motion to Dismiss and/or Amended Motion for Summary Judgment. After a cursory review of the dispositive motions in this case, the Motions are not clearly meritorious and there appears to remain some dispute between the Parties. Therefore, the Court will deny the Motion to Stay. However, the Court will allow the Defendant thirty (30) days from the date of this Order to file its expert disclosure reports.

Accordingly, it is now

**ORDERED:**

The Defendant Medicis Pharmaceutical Corporation's Unopposed Motion to Stay Expert Report Deadline (Doc. #38) is **DENIED**.  The Defendant's Expert Report is due on or before **April 18, 2015**.

**DONE** and **ORDERED** in Fort Myers, Florida this 18th day of March, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record