UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARCO V. DIMIERI,

      Plaintiff,

v.                                 Case No:  2:14-cv-176-FtM-38DNF

MEDICIS
PHARMACEUTICALS
CORPORATION,

      Defendant.

_____/

**ORDER[1]**

This Matter comes before the Court on Defendant Medicis Pharmaceutical Corporation's Motion to Dismiss Plaintiff's Third Amended Complaint and Incorporated Memorandum of Law (Doc. #32) filed on December 29, 2014.  Plaintiff filed a response (Doc. #33) on January 9, 2014.  Thus, this Motion is ripe for review.

**PROCEDURAL BACKGROUND**

This diversity case was removed from the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida to the United States District Court for the Middle District of Florida (Ft. Myers) (Doc. #1) on March 27, 2014.  Plaintiff filed his first Complaint (Doc. #2) with the Court on March 27, 2014, which was dismissed for failure to state a claim on July 14, 2014.  (Doc. #24).  Plaintiff filed his Second Amended Complaint (Doc.

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

#25) on July 28, 2014, which was dismissed as an impermissible shotgun pleading on November 24, 2014.  (Doc. #28).  Plaintiff filed his Third Amended Complaint (Doc. #30) on December 12, 2014.

## FACTUAL BACKGROUND

Plaintiff is an adult male who took the prescription drug Solodyn for acne treatment from 2009–2010.  (Doc. #30, ¶¶ 9, 10, 11).  Defendant manufactures and sells Solodyn. (Doc. #30, ¶ 3).  Plaintiff's dermatologist, Dr. David Goodman, prescribed Solodyn in January 2009 and Plaintiff purchased Solodyn from a pharmacy.  (Doc. #30, ¶¶ 6, 12, 23).  Plaintiff discontinued his use of Solodyn on February 1, 2010, after experiencing "numbing pain in the crown of his head" and hair loss around the last week of January 2010.  (Doc. #30, ¶¶ 14, 15).  Plaintiff states he first discovered that Solodyn causes hair loss after experiencing it firsthand.  (Doc. #30, ¶ 19).  While researching his hair loss online, however, Plaintiff read reviews from others who experienced hair loss after ingesting Solodyn for acne treatment.  (Doc. #30, ¶ 16).  Plaintiff states his hair loss is due solely to his ingestion of Solodyn; he had healthy hair before using Solodyn and had no signs of early male hair loss.  (Doc. #30, ¶¶ 17, 30).  Plaintiff states he continues to suffer from hair loss today and will incur significant costs in hair transplant surgery.  (Doc. #30, ¶¶ 15, 29).

## STANDARD OF REVIEW

In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff.  Christopher v. Harbury, 536 U.S. 403, 406 (2002).  Dismissal for failure to state a claim upon which relief may be granted, however, does not require appearance, beyond a doubt.  Bell Atlantic

Corp. v. Twombly, 550 U.S. 544, 561–63 (2007) (abrogating Conley v. Gibson, 355 U.S. 41, 45–46 (1957)).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement" to relief requires more than labels, conclusions, and a formulaic recitation of the cause of actions elements.  Bell Atlantic, 550 U.S. at 561–63.  When a plaintiff proceeds pro se, however, the Court must read the allegations liberally and hold the complaint to a less strict standard than a complaint drafted by an attorney.  Estelle v. Gamble, 429 U.S. 97, 106 (1976).

To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  Bell Atlantic, 550 U.S. at 555; Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).  Although the pleading standard announced in Fed R. Civ. P. 8 does not require "detailed factual allegations," it does demand more than an unadorned, "the-defendant-unlawfully-harmed-me accusation."  Sinaltrainal v. Coca-Cola Co., 578 F. 3d 1252, 1268 (11th Cir. 2009) (citing Ascroft v. Iqbal, 556 U.S. 662 (2009)).  Furthermore, unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of the allegations.  Sinaltrainal, 578 F. 3d at 1268 (citing Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005)).  The facts as pled must state a claim for relief that is plausible on its face. Sinaltrainal, 578 F. 3d at 1268 (citing Iqbal, 556 U.S. at 678).  Dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief.  Simplexgrinnell, L.P. v. Ghiran, No. 2:07-cv-456-FtM-29DNF, 2007 WL 2480352 (M.D. Fla. August 29, 2007) (citing Neitzke v. Williams, 490 U.S. 319,

326 (1989); Brown v. Crawford County, Georgia, 960 F.2d 1002, 1009–1010 (11th Cir. 1992)).

## DISCUSSION

Plaintiff alleges five counts against Defendant: Failure to Warn (Count I); Strict Liability (Count II); Misrepresentation (Count III); Negligence (Count IV); and Fraud (Count V). (Doc. #30). Defendant argues the complaint should be dismissed for failure to state a claim. (Doc. #32). Plaintiff responds this complaint should not be dismissed because it is not a "carbon copy" of his prior complaint, but is brief, factually detailed, and concise. (Doc. #33 at 1). This Court addresses each of Plaintiff's counts below and finds Plaintiff's complaint is sufficient to survive a motion to dismiss with the exception of the fraud and misrepresentation claims.

### a. Whether Plaintiff sufficiently pled a failure to warn claim

Defendant argues Plaintiff's failure to warn claim should be dismissed because Plaintiff fails to allege any additional facts or law from the last complaint. (Doc. #32 at 5). Plaintiff responds he has revised his failure to warn claim to be more concise, and the claim is now factually sufficient. (Doc. #33 at 1).

In Florida, to properly state a claim for strict liability based on a drug's insufficient warnings, a plaintiff must allege: "(1) that the warnings accompanying the item were inadequate; (2) that the inadequacy of the warnings proximately caused Plaintiff's injury; and (3) that Plaintiff in fact suffered an injury by using the product." Hosler v. Alcon Labs., Inc., No. 12-60025-CIV, 2012 WL 4792983 *9 (S.D. Fla. Oct. 9, 2012) (quoting Colville v. Pharmacia & Upjohn Co., LLC., 565 F.Supp.2d 1314, 1320 (N.D. Fla. 2008)). The Learned Intermediary Rule applies, however, when a physician is involved. See

4

Christopher v. Cutter Labs., 53 F.3d 1184, 1192 (11th Cir. 1995) (under the Learned Intermediary Rule "the failure of the manufacturer to provide the physician with an adequate warning of the risks associated with a prescription product is not the proximate cause of a patient's injury if the prescribing physician had independent knowledge of the risk that the adequate warning should have communicated.").  When a physician has knowledge of a drug's risks, obtained either through independent knowledge and/or communication from manufacturer, the Learned Intermediary Rule applies to insulate the manufacturer from liability under a failure to warn theory.  Id.  Therefore, in order for a plaintiff to properly assert a failure to warn claim when a physician is involved, a plaintiff must allege the physician was not warned by the manufacturer or independently aware of the risks of the drug.  Id.

Plaintiff first alleges the warnings accompanying Solodyn were inadequate because the warnings did not inform consumers about the side effect of hair loss.  (Doc. #30 ¶ 24).  In order to satisfy the Learned Intermediary Rule, Plaintiff alleges his physician, Dr. David Goodman, did not have any additional information from Defendant nor any independent knowledge concerning Solodyn and hair loss.  (Doc. #30 ¶ 25).  Plaintiff further states Dr. Goodman expressed he would never have prescribed Solodyn to Plaintiff had Dr. Goodman known Solodyn could cause hair loss.  (Doc. #30 ¶ 27).  Thus, the Learned Intermediary Rule is sufficiently satisfied.  See Chase v. Novartis Pharm. Corp., 740 F.Supp.2d 1295, 1296–97 (M.D. Fla. 2006) (citations omitted) (stating the court will find a claim for failure to warn if a plaintiff shows that "'more likely than not' the warning to the physician was inadequate and the warning did not sufficiently inform the prescribing physician about the risks involved in prescribing the drug.").  Second,

Plaintiff states the inadequacy of the warnings proximately caused Plaintiff's hair loss because Plaintiff would not have ingested Solodyn had Plaintiff known it could cause hair loss.  (Doc. #30 ¶ 27).  Finally, Plaintiff states he in fact sustained an injury by using Solodyn because the use resulted in extreme hair loss causing great emotional pain and suffering.  (Doc. #30 ¶ 28).  Therefore, this Court finds Plaintiff's failure to warn claim was sufficient and the motion to dismiss is denied as to this claim.

### b.  Whether Plaintiff sufficiently pled a design and manufacturing claim[2]

Defendant argues Plaintiff's design and manufacturing claim should be dismissed for failure to state a claim because Plaintiff continues to assert wholly conclusory allegations without alleging factual details to support his claim.  (Doc. #32 at 5, 6).  Plaintiff responds his revised claim is factually sufficient and more concise and should not be dismissed.  (Doc. #33 at 1).

In Florida, to properly plead a design and manufacturing claim under strict liability, a plaintiff must allege "(1) a relationship between the defendant and the product; (2) a defect which caused the product to be unreasonably dangerous; (3) causation between the defect and the harm suffered by the user."  Bailey v. Janssen Pharmaceutical, Inc., 288 F. App'x 597, 607 (11th Cir. 2008).  First, Plaintiff alleges there is a relationship between Defendant and Solodyn because Defendant "is engaged in the business of

---

[2] Defendant notes Plaintiff continues to mix strict liability theories.  (Doc. #32 at 6).  As stated previously in Dimieri v. Medicis Pharmaceuticals Corp., No. 2:14-CV-176-FTM-38 2014 WL 3417364 *4 (M.D. Fla., July 14, 2014), "[w]hile it is proper to allege which specific strict liability theory is at issue in a plaintiff's pleading, the Eleventh Circuit interpreting Florida law has advocated leniency in this regard.  The Eleventh Circuit has determined when a plaintiff's "complaint weaves multiple defect theories under the rubric of strict liability," the complaint should not be dismissed on that basis alone.  Instead, the Court can find a plaintiff "established minimally sufficient factual allegations to support her claim for strict products liability under either a manufacturing or design defect avenue to liability."  When the Court construes Plaintiff's Complaint in the light most favorable to Plaintiff, it seems Plaintiff alleges strict liability based on failure to warn and defective design or manufacture theories."  (internal citations omitted).

preparing, manufacturing, developing, testing, inspecting, packaging, labeling, advertising, selling, and distributing" Solodyn. (Doc. #30 ¶ 34). See Janssen Pharmaceutical, 288 F. App'x at 607 (court found such a statement "minimally satisfie[s] the required relationship element of the strict liability test."). Second, Plaintiff states the defect which caused Solodyn to be unreasonably dangerous was its active ingredient, Minocycline, which causes hair loss. (Doc. #30 ¶ 33). See Janssen Pharmaceutical, 288 F. App'x at 608 (court found claim factually sufficient where plaintiff identified the source of a defect). Finally, Plaintiff alleges causation between minocycline and hair loss when Plaintiff states his hair loss is a result of the minocycline in Solodyn. (Doc. #30 ¶¶ 32–33). See Janssen Pharmaceutical, 288 F. App'x at 608. (court found a sufficient causal connection when plaintiff stated use of product resulted in injury). Therefore, this Court finds Plaintiff's design and manufacturing claim was sufficient and the motion to dismiss is denied as to this claim.

### c. Whether Plaintiff sufficiently pled a misrepresentation and fraud claim

Defendant argues Plaintiff's misrepresentation and fraud claims should be dismissed for Plaintiff fails to adhere to the particularity requirements specified by Rule 9(b). (Doc. #32 at 7). Plaintiff responds his claims were factually detailed and should not be dismissed. (Doc. #33 at 1).

Rule 9(b) of the Federal Rules of Civil Procedure requires the elements of fraud and those claims based in fraud, such as misrepresentation, to be plead with particularity. Fed.R.Civ.P. 9(b); Postel Indus., Inc. v. Abrams Grp. Const., L.L.C., No. 6:11-CV-1179-ORL-28, 2012 WL 4194660, at *2 (M.D. Fla. Sept. 19, 2012). Rule 9(b) "serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with

which they are charged' and protecting defendants 'against spurious charges of immoral and fraudulent behavior.'" Brooks v. Blue Cross & Blue Shield of Florida, Inc., 116 F.3d 1364, 1370-71 (11th Cir. 1997). In order to satisfy Rule 9(b), a complaint must allege the "time, place, and substance of the defendant's alleged fraud, specifically the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them." Chapman v. Abbott Labs., 930 F. Supp. 2d 1321, 1324 (M.D. Fla. 2013).

### 1. Misrepresentation

Under Florida law a claim for misrepresentation is grounded in fraud, rather than negligence and requires that: "(1) there was a misrepresentation of material fact; (2) the representer either knew of the misrepresentation, made the misrepresentation without knowledge of its truth or falsity, or should have known the representation was false; (3) the representer intended to induce another to act on the misrepresentation; and (4) injury resulted to a party acting in justifiable reliance upon the misrepresentation." Linville v. Ginn Real Estate Co., LLC, 697 F. Supp. 2d 1302, 1307 (M.D. Fla. 2010). Any claim making an allegation of misrepresentation is subject to the higher pleading standard of Fed. R. Civ. P. 9(b). My Classified Ads, L.L.C. v. Greg Welteroth Holding Inc., No. 8:14-CV-2365-T-33AEP, 2015 WL 1169857 *4 (M.D. Fla. Mar. 13, 2015). Further, when the learned intermediary doctrine applies, it will bar a lawsuit against a manufacturer if the manufacturer communicated warnings regarding the risks of the drug to the physician or the physician had independent knowledge of these risks. Cruz v. Mylan, Inc., No. 8:09-cv-1106, 2010 WL 598688 at *3 (M.D. Fla. Feb. 17, 2010).

First, Plaintiff states Defendant misrepresented Solodyn by stating to patients and physicians that it will "safely and effectively treat acne." (Doc. #30 ¶ 42). Plaintiff does

not properly plead the first factor because Plaintiff does not allege which document asserted this or who orally misrepresented that Solodyn was a safe and effective drug. *See* Kaufman v. Pfizer Pharmaceuticals, Inc., 2010 WL 9438673 *6 (S. D. Fla. November 23, 2010). Then, Plaintiff asserts literature and disclosures given by Defendant fail to list hair loss as a side effect, but list a number of other side effects: "headache, tiredness, dizziness or spinning feeling, itching, liver problems including loss of appetite, diarrhea, yellowing of skin, unexplained bleeding and confusion." (Doc. #30 ¶ 43). Plaintiff's assertion does not satisfy pleading under Rule 9(b), because Plaintiff does state specifically which literature or disclosure listed these side effects, when those documents were given, or by whom. *See* My Classified Ads, L.L.C., 2015 WL 1169857 at *4 (to meet the requirements of Rule 9(b), plaintiff must identify "precisely what statements or omissions were made in which documents or oral representations."); Kaufman v. Wyeth Co., 2011 WL 10483568, *3 (S.D. Fla. April 12, 2011) (dismissing misrepresentation claim because the plaintiff did not specify the exact texts she claimed were misleading and the exact texts on which she and her physician relied). Instead, the Plaintiff merely makes a generalized allegation that the Defendant failed to provide a warning regarding hair loss.

Second, Plaintiff minimally satisfies the second factor when he alleges Defendant should have known Solodyn was unsafe "based on their own research, studies and laboratory testing that a hair loss side effect existed." (Doc. #30 ¶ 43). Plaintiff fails to satisfy the third factor when he alleges Defendant intended to induce reliance when Defendant made "consumers believe that the only side effects of the Solodyn were the side effects listed." (Doc. #30 ¶ 43). See U.S. ex rel. Keeler v. Eisai, Inc., 568 F. App'x 783, 796 (11th Cir. 2014) (court found insufficient pleading under Rule 9(b) where plaintiff

"failed to specify who 'engaged in [misrepresentation], where such conduct took place, which [of defendant's] personnel were involved, or any specific fraudulent statements made to personnel.'") (citing Franklin v. Parke–Davis, 147 F.Supp.2d 39, 50 (D.Mass.2001). Finally, Plaintiff alleges he suffered extreme hair loss and mental anguish when he relied on Defendant's misrepresentations. (Doc. #30 ¶ 43). This allegation does not meet the Rule 9(b) particularity standard because, as stated above, Plaintiff did not properly allege which documents or people made this misrepresentation. See My Classified Ads, L.L.C., 2015 WL 1169857 at *4. Therefore, this Court finds Plaintiff's misrepresentation claim insufficient and the motion to dismiss is granted as to this claim.

### 2. Fraud

To properly plead fraud in Florida, a plaintiff must allege: "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." Brooks v. Blue Cross & Blue Shield of Florida, Inc., 116 F.3d 1364, 1371 (11th Cir. 1997). And as noted above fraud claims must satisfy the higher pleading standard found in Fed. R. Civ. P. 9(b). My Classified Ads, L.L.C., 2015 WL 1169857 at *4. Further, the Learned Intermediary Rule acts as a barrier against patients' lawsuits if the medicinal manufacturer communicates warnings to the physician or the physician had independent knowledge regarding the risks of the drug. Cruz, 2010 WL 598688 at *3.

First, Plaintiff asserts Defendant omitted "any mention of a factually reported side effect of Minocycline on any of its published literature and reports to physicians, which is hair loss." (Doc. #30 ¶ 58).  This statement does not satisfy the particularity standard articulated by Rule 9(b) because it does not identify which literature and reports failed to mention hair loss as a side effect.  See My Classified Ads, L.L.C., 2015 WL 1169857 at *4.

Second, Plaintiff merely alleges Defendant failed to fully inform Dr. Goodman which in turn caused Dr. Goodman not to inform Plaintiff about the side effect of hair loss on December 29, 2008.  (Doc. #30 ¶ 58).  This statement fails to state with particularity the time and place of the omission and who, on behalf of Defendant, made the omission. See My Classified Ads, L.L.C., 2015 WL 1169857 at *6 (court stated that a sufficient allegation  of fraud occurred when plaintiff pled the specific date, place, and person making the misrepresentation).

Third, Plaintiff alleges the content of warnings in packaging inserts listed potential side effects: "headaches, tiredness, dizziness or spinning feeling, itching, liver problems including loss of appetite, diarrhea, yellowing of skin, unexplained bleeding and confusion," omitting any mention of hair loss.  (Doc. #30 ¶ 59).  Plaintiff does not plead with particularity what these packaging inserts are or where they are from but instead makes the general allegation that packaging inserts omit a warning regarding hair loss. Plaintiff states the side effects listed misled him to "justifiably believe and rely on [Defendant's] representation that" these were the only side effects. (Doc. #30 ¶ 61); My Classified Ads, L.L.C., 2015 WL 1169857 at *4.  Furthermore, Plaintiff's claim sounds

more like a failure to warn rather than a claim for fraud.  Plaintiff has already made a claim for failure to warn and thus, his fraud claim is somewhat redundant.

Finally, Plaintiff alleges Defendant gained a customer, Plaintiff, from January 2009 through February 2010 as a result of Defendant's fraudulent omission.  (Doc. #30 ¶ 62). Upon review of the fraud claim the Court finds the Plaintiff's fraud claim merely consists of generic assertions which fail to assist the Court in determining whether the fraud claim is "more likely to be reliable rather than purely speculative."  Eisai, Inc., 568 F. App'x at 802.   Therefore, this Court finds Plaintiff's fraud claim insufficient and the motion to dismiss is granted as to this claim.

### d.  Whether Plaintiff sufficiently pled a negligence claim

Defendant argues Plaintiff's negligence claim should be dismissed because he fails to plead sufficient factual allegations and merely recites the elements of a negligence claim.  (Doc. #32 at 10–11).  Plaintiff responds his negligence claim should not be dismissed because he has pled detailed facts to support a negligence claim.  (Doc. #33 at 1).

Under Florida law a "plaintiff must allege (1) a duty or obligation recognized by the law requiring the defendant to protect others from unreasonable risks; (2) a breach of that duty; (3) a reasonably close causal connection between the conduct and the resulting injury; and (4) actual loss or damages."  Small v. Amgen, Inc., 2:12–CV–476–FTM–29, 2014 WL 897033 *5 (M.D.Fla. Mar.6, 2014) (citing Williams v. Davis, 974 So.2d 1052, 1056 (Fla.2007)).  The Learned Intermediary Rule will protect a manufacturer from suit if the manufacturer communicated warnings to the physician or the physician had independent knowledge regarding the risks of the drug.  Cruz, 2010 WL 598688 at *3.

First, Plaintiff states as a manufacturer Defendant had a duty to properly warn, advise, list all possible side effects, properly research, and test the Solodyn drug. (Doc. #30 ¶ 52). Second, Plaintiff states Defendant breached that duty when Defendant failed to warn of the risk of hair loss through Solodyn's product literature. (Doc. #30 ¶ 54). Also, Plaintiff, satisfying the Learned Intermediary Rule, asserts Defendant failed to properly warn Plaintiff's physician, Dr. Goodman, and Dr. Goodman did not have independent knowledge of the risks of hair loss. (Doc. #30 ¶ 55). Third, Plaintiff states there is a reasonably close causal connection between Defendant's insufficient warnings to physicians and patients and Plaintiff's extreme hair loss because the insufficient warnings led Plaintiff to ingest Solodyn. (Doc. #30 ¶ 55). Finally, Plaintiff states he suffered extreme hair loss and extreme mental anguish. (Doc. #30 ¶ 55). Therefore, this Court finds Plaintiff's negligence claim was sufficient and the motion to dismiss is denied as to this claim.

## CONCLUSION

Defendant argues Plaintiff's complaint should be dismissed for failure to state a claim. While the Plaintiff's complaint does not meet the stringent requirements demanded from attorneys, the Court must be lenient in regards to *pro se* plaintiffs. Plaintiff has drafted this complaint in consideration of this Court's previous orders dismissing Plaintiff's past complaints, and has pled sufficient facts for three of his five claims to survive a motion to dismiss. See Otworth v. The Florida Bar, 71 F. Supp. 2d 1209, 1214 (M.D. Fla. 1999) (citing Estelle, 429 U.S. at 106 (1976) ("When a plaintiff proceeds *pro se,* his or her allegations must be read liberally and the court must hold the complaint to a less stringent standard than it holds those drafted by attorneys."). Therefore, this Court denies

Defendant's motion as to Counts I, II, and IV because Plaintiff pled sufficient facts to survive a motion to dismiss and grants Defendant's motion as to Counts IV and V because Plaintiff failed to plead with sufficient particularity as required by Rule 9(b).

Accordingly, it is now

**ORDERED:**

(1) Defendant Medicis Pharmaceutical Corporation's Motion to Dismiss Plaintiff's Third Amended Complaint and Incorporated Memorandum of Law (Doc. #32) is **DENIED** in part and **GRANTED** in part.

    a. Dismissal as to Count I is **DENIED**.

    b. Dismissal as to Count II is **DENIED**.

    c. Dismissal as to Count III is **GRANTED** with prejudice.

    d. Dismissal as to Count IV is **DENIED**.

    e. Dismissal as to Count V is **GRANTED** with prejudice.

**DONE** and **ORDERED** in Fort Myers, Florida this 3rd day of April, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record