UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARCO V. DIMIERI,

        Plaintiff,

v.                                                          Case No:  2:14-cv-00176-SPC-DNF

MEDICI        PHARMACEUTICAL
CORPORTATION, A DIVISION OF
VALEANT       PHARMACEUTICALS
INTERNATIONAL, INC.,

        Defendant.

_____/

## ORDER[1]

This matter comes before the Court on Defendant Medicis Pharmaceutical Corporation's Motion to Strike Plaintiff's Expert Report and Amended Motion for Summary Judgment and Incorporated Memorandum of Law (Doc. #39) filed on March 10, 2015. Plaintiff did not file a response.  The Motion is now ripe for review.

## PROCEDURAL BACKGROUND

This diversity case was removed from the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida to the United States District Court for the Middle District of Florida (Ft. Myers Division) (Doc. #1) on March 27, 2014.  Plaintiff filed his first Complaint (Doc. #2) with the Court on March 27, 2014, which was dismissed for failure to state a claim on July 14, 2014.  (Doc. #24).  Plaintiff filed his Second Amended

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Complaint (Doc. #25) on July 28, 2014, which was dismissed as an impermissible shotgun pleading on November 24, 2014. (Doc. #28). Plaintiff filed his Third Amended Complaint (Doc. #30) on December 12, 2014, which was granted in part and denied in part on April 3, 2015. (Doc. #44).

## FACTUAL BACKGROUND

Plaintiff is an adult male who took the prescription drug Solodyn for acne treatment from 2009–2010. (Doc. #30, ¶¶ 9, 10, 11). Defendant manufactures and sells Solodyn. (Doc. #30, ¶ 3). Plaintiff's dermatologist, Dr. David Goodman, prescribed Solodyn in January 2009 and Plaintiff purchased Solodyn from a pharmacy. (Doc. #30, ¶¶ 6, 12, 23). Plaintiff discontinued his use of Solodyn on February 1, 2010, after experiencing "numbing pain in the crown of his head" and hair loss around the last week of January 2010. (Doc. #30, ¶¶ 14, 15). Plaintiff states he first discovered that Solodyn causes hair loss after experiencing it firsthand. (Doc. #30, ¶ 19). While researching his hair loss online, however, Plaintiff read reviews from others who experienced hair loss after ingesting Solodyn for acne treatment. (Doc. #30, ¶ 16). Plaintiff states his hair loss is due solely to his ingestion of Solodyn; he had healthy hair before using Solodyn and had no signs of early male hair loss. (Doc. #30, ¶¶ 17, 30). Plaintiff states he continues to suffer from hair loss today and will incur significant costs in hair transplant surgery. (Doc. #30, ¶¶ 15, 29).

## DISCUSSION

Defendant argues Plaintiff's expert report from Alan A. Wartenberg, M.D. should be stricken because it is untimely and deficient. Furthermore, Defendant moves for

2

summary judgment due to the lack of admissible evidence establishing the existence of a product defect and causation as a result of the expert report being stricken.

*Motion to Strike Expert Report from Alan A. Wartenberg, M.D.*

Defendant claims Plaintiff's expert report should be stricken due to its untimeliness and insufficiencies.  (Doc. #39 at 7).  Federal Rule of Civil Procedure 12(f) provides that the Court may order "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" be stricken from a pleading. Harvey v. Home Depot U.S.A., Inc., 2005 WL 1421170 (M.D. Fla. June 17, 2005).  In evaluating a motion to strike, the court must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings. Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002).  A motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. Harvey, 2005 WL 1421170 (citing Scelta v. Delicatessen Support Services, Inc., 57 F. Supp. 2d 1327, 1347 (M.D. Fla. 1997).

Defendant argues Plaintiff served and filed the expert report ten (10) days after the deadline required by the Case Management and Scheduling Order.  (Doc. #39 at 7). Defendant also argues Plaintiff's expert report failed to comport with the requirements of Rule 26(a)(2)(B).  (Doc. #39 at 7).  Rule 26(a)(2)9b) states:

> The report must contain:
> **(i)** a complete statement of all opinions the witness will express and the basis and reasons for them;
> **(ii)** the facts or data considered by the witness in forming them;
> **(iii)** any exhibits that will be used to summarize or support them;
> **(iv)** the witness's qualifications, including a list of all publications authored in the previous 10 years;
> **(v)** a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

3

> **(vi)** a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).   Defendant argues Plaintiff cannot utilize expert testimony if the requirements of Rule 26 are not met.   See Littell v. U.S., 2003 WL 25778706, *3 (M.D. Fla. Dec. 3, 2003) (stating "Plaintiff is not permitted to rely on expert testimony unaccompanied by a proper Rule 26 disclosure.").   First, Defendant argues Rule 26 is not met because the "expert witness report" does not indicate whether Dr. Wartenberg intended the letter to be an expert report.   (Doc. #39 at 8).   Defendant points to the fact there is no title identifying the letter as an expert report; it is only addressed to Plaintiff; it fails to reference other materials such as a curriculum vitae, list of testimony from other cases, reliance materials, or rate schedule; and it gives a "'preliminary opinion,' not a final opinion or a conclusion based on a reasonable degree of medical probability or certainty." (Doc. #39 at 8).   Second, Defendant argues the letter is deficient because it does not include "a complete statement of all opinions the witness will express and the basis and reasons for them."   (Doc. #39 at 8).   Third, Defendant argues Rule 26 is not met because the letter lacks a factual basis or data to support Dr. Wartenberg's "preliminary conclusion."   (Doc. #39 at 8).   Furthermore, Defendant argues the letter fails to satisfy Rule 26 because Dr. Wartenberg does not list his qualifications in the letter, nor provides a curriculum vitae where these qualifications could be ascertained.   (Doc. #39 at 9). Finally, Defendant argues the letter fails to comply with the requirements of Rule 26 because it did not identify the cases where Dr. Wartenberg had previously testified as an expert or the compensation Dr. Wartenberg would be paid for his testimony and study. (Doc. #39 at 9).

The Court finds Plaintiff's expert report lacks compliance with Rule 26.  Under certain circumstances, lack of Rule 26 compliance, however, does not require that this Court strike the report.  In a similar Middle District case, Lambert v. Monaco Coach Corp., the Court held under Rule 26(e) the plaintiff could supplement his late and deficient expert report in order to comply with Rule 26(a)(2)(B), so as to prevent sounding a "death knell" to the plaintiff's case.  Lambert v. Monaco Coach Corp., 2005 WL 5961075, at *1 (M.D. Fla. Feb. 10, 2005).  Rule 26(e) states:

> "For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due."

Fed. R. Civ. P. 26(e)(2).  The Court notes Plaintiff was proceeding *pro se* at the time he filed the expert report but has since obtained representation by counsel.  This fact coupled with the reasoning in Lambert, gives the Court the discretion to be lenient in this regard and allow Plaintiff the opportunity to supplement the report under Rule 26(e).  The Court, however, warns Plaintiff that he must follow Court rules and procedures or sanctions and denial of motions will result.  See Loren v Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002) (holding that even *pro se* parties must follow procedures).  Thus, the Court denies Defendant's motion to strike the expert report and orders Plaintiff to supplement his expert report in order to comply with Rule 26.

### *Amended Motion for Summary Judgment*

The Defendant moves the Court for summary judgment arguing that Plaintiff presents no expert testimony to establish that Solodyn is defective.  The Defendant's argument is based upon the Court striking the Plaintiff's expert report.

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact" and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  An issue is genuine if there is sufficient evidence such that a reasonable jury could return a verdict for either party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 U.S. 2505, 91 L. Ed. 2d 202 (1986).  Similarly, an issue is material if it may affect the outcome of the suit under governing law. Id.  The moving party bears the burden of showing the absence of any genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).  In deciding whether the moving party has met this initial burden, the Court must review the record and all reasonable inferences drawn from the record in the light most favorable to the non-moving party.  Whatley v. CNA Ins. Co., 189 F.3d 1310, 1313 (11th Cir. 1999).  Once the Court determines that the moving party has met its burden, the burden shifts and the non-moving party must present specific facts showing that there is a genuine issue for trial that precludes summary judgment.  Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, S. Ct. 1348, 89 L. Ed. 2d 538 (1986).  "The evidence presented cannot consist of conclusory allegations, legal conclusions or evidence which would be inadmissible at trial."  Demyan v. Sun Life Assurance Co. of Canada, 148 F. Supp. 2d 1316, 1320 (S.D. Fla. 2001) (citing Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991)).  Failure to show sufficient evidence of any essential element is fatal to the claim and the Court should grant the summary judgment.  Celotex, 477 U.S. at 322-323.  Conversely, if reasonable minds could find a genuine issue of material fact then summary judgment should be denied.  Miranda v. B & B Cash Grocery Store, Inc., 975 F.2d 1518, 1532 (11th Cir. 1992).

6

Initially, the Court notes the Defendant designated his motion as a Motion to Strike and an Amended Motion for Summary Judgment.  (Doc. #39 at 1).  A motion for summary judgment is a dispositive motion.  Local Rule 3.01(h) and Federal Rule of Civil Procedure 56(a) require summary judgment motions to be so designated to the Court and not lumped together with other motions.  See FL R USDCTMD Rule 3.01(h); Fed. R. Civ. P. 56(a); Whineglass v. Smith, No. 8:11-CV-2784-T-23TGW, 2013 WL 2237841, at *5, n. 3 (M.D. Fla. May 21, 2013) (Court noted in a footnote that the plaintiffs' request for summary judgment in their favor as an alternative request in their memorandum in opposition, had to be denied because the request failed to comport with Federal Rule 56(a) and Local Rule 3.01(h))

> Local Rule 3.01(h) states:
>
> All dispositive motions must be so designated in the caption of the motion. All dispositive motions which are not decided within one hundred and eighty (180) days of the responsive filing (or the expiration of the time allowed for its filing under the local rules) shall be brought to the attention of the district judge by the movant by filing a "Notice To the Court" within ten days after the time for deciding the motion has expired. Movant shall file an additional "Notice To The Court" after the expiration of each and every additional thirty day period during which the motion remains undecided. Movant shall provide the Chief Judge of the Middle District with a copy of each and every "Notice To The Court" which movant is required to file under this rule.

FL R USDCTMD Rule 3.01(h).  As a result of the failure to file a dispositive motion in accordance with Rule 3.01(h), the motion for summary judgment must be denied.

Furthermore, the Defendant's summary judgment argument is essentially based on Plaintiff's failure to file a proper expert report under Rule 26.  (Doc. #39 at 10).  Given that the Court denied the Motion to Strike the Plaintiff's expert report and will allow the Plaintiff the opportunity to supplement same, the Court finds the Plaintiff has set forth a sufficient issue of material fact to deny the Motion for Summary Judgment.

## CONCLUSION

Due to the fact that Plaintiff was *pro se* when he filed his expert report, and he is now represented by counsel, the Court will allow Plaintiff to supplement his expert report. Given that the Motion to Strike has been denied, the Defendant's Motion for Summary Judgment is denied without prejudice.

Accordingly, it is now

**ORDERED:**

The Defendant Medicis Pharmaceutical Corporation's Motion to Strike Plaintiff's Expert Report and Amended Motion for Summary Judgment and Incorporated Memorandum of Law (Doc. #39) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 12th day of May, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE


Copies:  All Parties of Record